IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin M. Kaplafka, Jr.,     :
     Appellant   :
   v.       :
         :
Pennsylvania State Police,   :
Col. Tyree Blocker, Lt. Col. Robert :
Evanchick, Lt. Col. Lisa Christie, Lt. :
William Bowan, Capt. Margaret  :
Dropinski, Capt. Maurice Tomlinson, : No. 505 C.D. 2021
and Jeremy M. Richards   : Submitted: December 4, 2023


BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
    HONORABLE CHRISTINE FIZZANO CANNON, Judge
    HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON      FILED: January 3, 2024


     Kevin M. Kaplafka, Jr. (Kaplafka) appeals from the July 31, 2020, order of the Court of Common Pleas of Dauphin County (trial court). The trial court granted preliminary objections (POs) filed by the Pennsylvania State Police (PSP), Colonel Tyree Blocker, Lieutenant Colonel Robert Evanchick, Lieutenant Colonel Lisa Christie, Lieutenant William Bowan, Captain Margaret Dropinski, Captain Maurice Tomlinson, and Jeremy M. Richards (collectively, Appellees). Appellees' PO's sought dismissal of Kaplafka's petition for review (Complaint), which was filed in this Court's original jurisdiction, as were Appellees' POs. In that phase of this litigation, this Court granted Appellees' POs in part, dismissed two of the four

claims in Kaplafka's Complaint, and transferred Kaplafka's two remaining claims to the trial court for resolution. Upon review, we vacate the trial court's order and remand for further proceedings in accordance with this opinion.

## I. Factual and Procedural Background

The facts underlying this matter were presented in our previous opinion, *Kaplafka v. Pennsylvania State Police* (Pa. Cmwlth., No. 634 M.D. 2018, filed Feb. 7, 2020), *aff'd* 255 A.3d 384 (Pa. 2021), 2020 WL 598235 (unreported), (*Kaplafka I*). To summarize, Kaplafka graduated from the PSP Academy (Academy) in December 2015 and began working as a PSP trooper on a probationary basis, which by statute was to last 18 months. *Id.*, slip op. at 3 & 11, 2020 WL 598235, at **2 & 5 (citing Section 205(f) of the Administrative Code of 1929 (Administrative Code), 71 P.S. § 65(f)).[1] In October 2016, Kaplafka resigned from the PSP after being implicated in a cheating scandal when a document he wrote at the Academy as a senior cadet was used by junior cadets as an exam "cheat sheet." *Id.*, slip op. at 3-5, 2020 WL 598235, at *2. In February 2017, the Commonwealth's Office of Inspector General (OIG) concluded an investigation into the matter and issued a public report assigning the majority of blame for the scandal to Academy staff and instructors

---

[1] Section 205(f) of the Administrative Code, Act of April 9, 1929, P.L. 177, *as amended* states:

> All new cadets and troopers shall serve a probationary period of eighteen months from the date of original enlistment, during which time they may be dismissed by the Commissioner for violations of rules and regulations, incompetency, and inefficiency without action of a court martial board or the right of appeal to a civil court.

71 P.S. § 65(f).

rather than to individual cadets (including Kaplafka). *Id.*, slip op. at 5-6, 2020 WL 598235, at *3.

In December 2018, Kaplafka filed his Complaint in this Court's original jurisdiction. Reproduced Record (R.R.) at 15a-45a. He asserted that Appellees had constructively discharged him wrongfully (Count I), deprived him of his liberty interest in his reputation (Count II, which Kaplafka alleged pursuant to 42 U.S.C. § 1983 (Section 1983)), and tortiously interfered with his extant and potential contractual relations necessary to find work as a law enforcement officer (Counts III and IV). *Id.* Kaplafka sought mandamus relief, specifically reinstatement of his position as a trooper with regard to Count I and a hearing to clear his name with regard to Count II. *Id.* He also sought money damages with regard to Counts III and IV. *Id.*

Appellees filed POs with this Court, asserting that (1) Kaplafka's Complaint should be dismissed in its entirety because, as a probationary officer, he was an at-will employee who by statute (Section 205(f) of the Administrative Code) could be terminated without recourse to the courts (PO I); (2) Count I should be dismissed because Kaplafka failed to file his Complaint within the six-month statute of limitations (PO II); (3) Count II should be dismissed because Kaplafka failed to assert actual reputational harm and because he already had an opportunity at the PSP level to refute the charges against him and failed to do so (PO III); (4) in the alternative, Count II should be dismissed because Section 1983 claims cannot be brought against the PSP, a state agency, or the individual appellees, who were acting in their official capacities (PO IV); and (5) Appellees are not subject to Kaplafka's tort claims in Counts III and IV on the basis of sovereign immunity (PO V). R.R. at 105a-21a.

3

In response to Appellees' POs, Kaplafka filed POs with this Court requesting that Appellees' POs asserting affirmative defenses based on the statute of limitations and sovereign immunity (PO II & PO V) be stricken because they were premature and could not be resolved at the PO phase. R.R. at 329a-35a.

The following list encapsulates our conclusions and holdings in *Kaplafka I*[2] as to the counts in Kaplafka's Complaint:

1. Count I (wrongful discharge): stricken based on sustaining Appellees' PO I (failure to state claim because Kaplafka was a statutory at-will employee of PSP).

2. Count II (Section 1983 reputational harm): stricken based on sustaining Appellees' PO III (failure to state claim because Kaplafka failed to establish actual harm).

3. Count III (tortious interference with extant contractual employment relations): transferred to trial court due to lack of original jurisdiction.

4. Count IV (tortious interference with prospective contractual employment relations): transferred to trial court due to lack of original jurisdiction.

*Kaplafka 1*, slip op. at 19, 2020 WL 598235, at **4-8. Similarly, the following list encapsulates our conclusions and holdings as to PSP's POs:

1. PO I (applicable to all Counts, Kaplafka was a statutory at-will employee of the PSP): sustained as to Count I (see above) and not otherwise addressed.

2. PO II (statute of limitations barred Count I): stricken as a prematurely asserted affirmative defense.

---

[2] Our Supreme Court affirmed *Kaplafka I*. *Kaplafka v. Pa. State Police*, 255 A.3d 384 (Pa. 2021).

3. PO III (failure to state claim in Count II as to actual reputational harm): sustained as to Count II (see above).

4. PO IV (PSP and individual officers not subject to Section 1983 claim (Count II): not reached in light of sustaining of PO III.

5. PO V (sovereign immunity as to tort claims in Counts III and IV): stricken as a prematurely asserted affirmative defense.

*Id.*, 2020 WL 598235, at \*\*4-8.

On July 31, 2020, the trial court issued an order granting Appellees' POs as to Kaplafka's tort allegations at Counts III and IV on the basis of sovereign immunity.[3] R.R. at 501a. The trial court explained that the Complaint failed to set forth factual allegations that the individual Appellees acted outside the scope of their official duties when they investigated and constructively discharged him. *Id.* Kaplafka appealed to the Superior Court and in his statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b) (Rule 1925(b) Statement), he asserted that the trial court erred in dismissing his remaining claims on the basis of sovereign immunity because this Court had previously struck as premature Appellees' assertion of that affirmative defense at the PO stage. *Id.* at 517a-20a & 527a-31a.

On September 21, 2020, the trial court issued its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a) (Rule 1925(a) Opinion). Original Record (O.R.) #2. The trial court agreed with Kaplafka's Rule 1925(b) Statement and acknowledged that it had "improperly disposed of [POs] that the Commonwealth Court had previously stricken." *Id.* at 1-

---

[3] Kaplafka previously filed a certificate of readiness with the trial court declining oral argument and asserting that the matter was ready for disposition on the pleadings and associated documentary filings. Original Record (O.R.) #5.

2. The trial court added that upon "reacquiring jurisdiction" over the case, it would "address the remaining [POs] to Counts III and IV, as directed by the Commonwealth Court." *Id*. at 2. Then, on April 1, 2021, the Superior Court transferred the matter to this Court in our appellate jurisdiction.[4] *Kaplafka v. Pa. State Police* (Pa. Super., No. 1110 MDA 2020, filed Apr. 1, 2021), 2021 WL 1235218 (unreported).

## II. Parties' Arguments

Kaplafka asserts that in light of the trial court's acknowledgement in its Rule 1925(a) Opinion that it erred in its July 31, 2020, order granting Appellees' POs to Counts III and IV of the Complaint on the basis of sovereign immunity, this Court should vacate or reverse the trial court's order; Appellees agree. Kaplafka's Br. at 24-25; Appellees' Br. at 14.

Regarding further disposition, Kaplafka argued in his initial brief that once the trial court's order is vacated or reversed, no further POs to his Complaint will remain pending and the trial court should be directed to order Appellees to answer the Complaint. Kaplafka's Br. at 28-29. Appellees responded that their PO I, which seeks to dismiss Kaplafka's entire Complaint on the basis that he was a probationary trooper employed on an at-will basis, applies to Kaplafka's tort claims

---

[4] Section 762(a)(1)(i) of the Judicial Code provides that this Court has exclusive jurisdiction of appeals from final orders of the courts of common pleas in Commonwealth civil cases in which original jurisdiction is vested in another tribunal by virtue of any of the exceptions to section 761(a)(1) (relating to original jurisdiction). 42 Pa.C.S. § 762(a)(1)(i). Under Section 761(a)(1)(v) of the Judicial Code, this Court did not have original jurisdiction over Counts III and IV of Kaplafka's Complaint because those claims raised an action "in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity." 42 Pa.C.S. § 761(a)(1)(v); *Kaplafka I*, slip op. at 18-19, 2020 WL 598235, at *8. Therefore, this matter is properly before this Court in its appellate jurisdiction.

6

at Counts III and IV of the Complaint and still needs to be resolved by the trial court "in the first instance." Appellees' Br. at 15-17. Appellees pointed out that in *Kaplafka I*, we struck Appellees' statute of limitations and sovereign immunity POs as premature but transferred the matter to the trial court to address Counts III and IV "along with [Appellees'] [POs] to those counts," meaning that PO I remained open. *Id*. Appellees noted that the trial court also recognized the pending status of PO I when it asked in its Rule 1925(a) Opinion for the matter to be returned to it for disposition of "the remaining [POs]" to Counts III and IV. *Id*. Appellees posited that PO I is responsive to Kaplafka's tort claims because those claims are based on the existence of a contractual employment relationship between Kaplafka and PSP, which PO I denies as a matter of law pursuant to Section 205(f) of the Administrative Code of 1929. *Id*.

In his reply brief, Kaplafka apparently acknowledges Appellees' position that PO I remains pending. He now asserts that on remand, the trial court should be directed to "issue a schedule for refiling and briefing of those discrete remaining POs specifically directed to Counts III and IV" of the Complaint. Kaplafka's Reply Br. at 5. In the alternative, Kaplafka asks this Court to "simply remand for further proceedings" so that the trial court can independently set such a schedule. *Id*. Kaplafka explains that briefing to the trial court would serve judicial economy and efficiency by focusing the dispute on the applicability of PO I to Counts III and IV of the Complaint. *Id*. at 6. This way, both sides will have the opportunity for advocacy concerning a theory that has not been addressed by either this Court or the trial court. *Id*.

7

## III. Discussion

Pursuant to Pennsylvania Rule of Appellate Procedure 1701(a), "after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a). The trial court may still "correct formal errors in papers relating to the matter, . . . and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding." Pa.R.A.P. 1701(b)(1). However, the power to clarify or correct does not extend to substantive modifications and is limited to, for instance, "non-substantial technical amendments to an order." *Lancaster Cnty. Agric. Pres. Bd. v. Fryberger*, 257 A.3d 192, 201 (Pa. Cmwlth. 2021) (quoting Pa.R.A.P. 1701, Official Note). Rule 1701 is jurisdictional and even if a tribunal wishes to rescind or reverse its order on the basis of a substantive defect in its reasoning for that order, it cannot do so once an appeal has been filed. *Ettelman v. Dep't of Transp., Bureau of Driver Licensing*, 92 A.3d 1259, 1262 (Pa. Cmwlth. 2014).

Here, the trial court's July 31, 2020, order granted Appellees' POs to Counts III and IV of Kaplafka's Complaint on the basis of sovereign immunity. R.R. at 501a. In his Rule 1925(b) Statement in support of his appeal to the Superior Court, Kaplafka pointed out that in *Kaplafka I*, this Court struck as premature Appellees' PO asserting sovereign immunity. *Id*. at 529a-30a. The trial court agreed in its subsequent Rule 1925(a) Opinion. O.R. #2 at 1-2. However, pursuant to Rule 1701, the trial court could not act further on its order at that point because the matter had been appealed and was no longer within the trial court's jurisdiction.

We agree with Kaplafka, Appellees, and the trial court that the trial court erred in granting Appellees' POs to Counts III and IV of the Complaint on the

basis of sovereign immunity. As noted, we previously struck as premature Appellees' PO raising the defense because Kaplafka properly objected to it in his responsive POs. *Kaplafka I*, slip op. at 8-9, 2020 WL 598235, at *4. As such, the trial court could not rely on sovereign immunity as a basis to dismiss Counts III and IV of the Complaint. Therefore, the trial court's July 31, 2020, order is vacated.

We must also consider the appropriate disposition of this case in the absence of the trial court's order. Previously, we granted Appellees' PO I (asserting that as an at-will employee, Kaplafka had no judicial remedy against PSP) as to Kaplafka's wrongful discharge claim (Count I), which we therefore dismissed. *Kaplafka I*, slip op. at 11-13, 2020 WL 598235, at **5-6. Due to our lack of jurisdiction over the tort claims in Counts III and IV of Kaplafka's Complaint, we were unable to consider PO I as it related to those claims. *See id*. at 18-19, 2020 WL 598235, at *8. However, we recognized PO I's potential applicability to Counts III and IV when we transferred those claims to the trial court, "along with the *remaining* [POs] filed by [Appellees] to these counts." *Id*. at 19, 2020 WL 598235, at *8 (emphasis added).

Likewise, the trial court recognized the potential applicability of Appellees' PO I to Counts III and IV of Kaplafka's Complaint in its Rule 1925(a) Opinion. O.R. #2. After acknowledging its error in dismissing those claims on the basis of sovereign immunity, the trial court, apparently assuming that this Court would remand, stated that upon "reacquiring jurisdiction," it would "address the 'remaining [POs]' to Counts III and IV, as directed by the Commonwealth Court [in *Kaplafka I*]." *Id*. at 1-2. As noted, both sides agree that the matter should return to the trial court for consideration of PO I as applied to Counts III and IV of the Complaint. Appellees' Br. at 15-17; Kaplafka's Reply Br. at 5-6. We therefore

9

remand this matter to the trial court for further proceedings in accordance with this opinion.[5]

### IV. Conclusion

In light of the above discussion, the trial court's July 31, 2020, order is vacated, and this matter is remanded to the trial court for further proceedings in accordance with this opinion.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[5] As noted, Counts I and II of Kaplafka's Complaint have already been stricken by this Court. As such, the trial court's determination on the application of Appellees' PO I to Kaplafka's remaining Counts III and IV may be dispositive of his cause of action in its entirety.

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin M. Kaplafka, Jr., :
               Appellant :
       v. :
       :
Pennsylvania State Police, :
Col. Tyree Blocker, Lt. Col. Robert :
Evanchick, Lt. Col. Lisa Christie, Lt. :
William Bowan, Capt. Margaret :
Dropinski, Capt. Maurice Tomlinson, : No. 505 C.D. 2021
and Jeremy M. Richards :

## O R D E R

AND NOW, this 3rd day of January, 2024, the July 31, 2020, order of the Court of Common Pleas of Dauphin County (trial court) is VACATED. This matter is REMANDED to the trial court for further proceedings in accordance with the foregoing opinion.

Jurisdiction is relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge